# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

FRANCES RENEE
MILLER/PERRY                                                                                          PLAINTIFF
ADC #708998

V.                                       NO: 1:10CV00090 JMM/HDY

JAMES GIBSON *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1. Why the record made before the Magistrate Judge is inadequate.
2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Frances Renee Miller/Perry, currently held at the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on November 3, 2010, alleging that she was convicted of numerous disciplinary violations from October 31, 2007, to April 15, 2010, even though she was innocent of the charges. Plaintiff seeks declaratory relief, costs, and damages. Because Plaintiff's allegedly improper conviction of disciplinary violations does not amount to a constitutional violation, and Plaintiff had no liberty interest in avoiding the disciplinary sanctions she received, her complaint should be dismissed for failure to state a claim upon which relief may be granted.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, Defendants found her guilty of various rule infractions that did not occur. Plaintiff claims that the convictions were in violation of ADC policy, and also violated her due process rights. However, the failure to follow prison policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Likewise a false disciplinary is not itself a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)).

Although Plaintiff argues that her due process rights were violated, she has alleged no facts in the complaint itself to suggest any liberty interest was at stake which would invoke due process

protections. An attachment to her complaint indicates that Plaintiff received reductions in class and punitive time, or at least privilege restrictions, of up to 60 days.[1] A reduction in class does not implicate a liberty interest. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Likewise, a 60 day privilege restriction or punitive confinement does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Accordingly, Plaintiff's complaint should be dismissed.[2]

### III. Conclusion

---

[1] On at least one occasion, Plaintiff lost good time. Plaintiff cannot pursue relief with respect to that disciplinary conviction unless it has been reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding an inmates's due process claim for declaratory relief and money damages regarding disciplinary citation resulting in good time loss is not cognizable under § 1983 as it would necessarily imply the invalidity of the disciplinary conviction under *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[2] The Court notes that Plaintiff claims that she had hearings, which indicates that Plaintiff did receive some amount of due process, even though no facts were alleged to indicate a liberty interest was at stake.

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.	This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   29   day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE